IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30312
_____


SHELL WESTERN EXPLORATION & PRODUCTION, INC.,

Plaintiff - Appellee-Cross-Appellant,

FALCON DRILLING CO.,

Plaintiff - Counter Defendant -
Appellee-Cross-Appellant,

v.

OFFSHORE HAMMERS, INC.; ET AL.,

Defendants,

UNI STOREBRAND INSURANCE CO. (UK) LTD.;
OFFSHORE HAMMERS, INC.,

Defendants - Counter Claimants -
Appellants-Cross-Appellees.

_____

Appeals from the United States District Court
for the Western District of Louisiana
(96-CV-1717)
_____

March 10, 2000

Before BARKSDALE, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants-cross-appellees Offshore Hammers, Inc. ("Offshore

Hammers") and UNI Storebrand Insurance Company ("Storebrand")

appeal from the district court's ruling holding Storebrand liable

---

[*] Pursuant to 5TH CIR. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. Rule 47.5.4.

to appellee-cross-appellant Shell Western Exploration & Production, Inc. ("Shell") in the amount of $488,000 and denying Storebrand tort indemnity recovery against appellee-cross-appellant Falcon Drilling Company ("Falcon"). After a thorough analysis of the district court's measured and comprehensive ruling, as well as studied consideration of the briefs and record, we conclude that the district court's judgment should be upheld in its entirety. The district court properly classified the contract between Shell and Falcon providing transportation for Offshore Hammers's workers as an incidental contract within the definition of Offshore Hammers's commercial liability policy supplied by Storebrand. The district court likewise did not err when it found that Falcon was not conventionally subrogated to Shell's rights against Storebrand. And finally, the district court correctly discerned that Storebrand was not entitled to tort indemnity recovery from Falcon where the only liability Storebrand faced arose from contract. We therefore affirm, essentially for the reasons stated in the district court's excellent and well-reasoned ruling of July 31, 1998.

AFFIRMED.